M/D 1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA     RECEIVED

William Larry Sullivan )
Full name and prison name of )
Plaintiff(s) )
)
v. )
)
Charles Gaddick )
Lynn Head )
Clifford Walker )
Terry E. Davis, et. al. )
Joel Barnes   et al )
In their personl & offical capasitios )
Name of person(s) who violated your )
constitutional rights. (List the names )
of all the person.) )
at the Alabama Board of Pardons o )
Parole.

2020 APR 14  A 10: 34

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CIVIL ACTION NO. 2:20-cv-255-WHA-CSC
(To be supplied by Clerk of U.S. District
Court)

I.      PREVIOUS LAWSUITS

A.      Have you begun other lawsuits in state or federal court dealing with the same or
similar facts involved in this action? YES ☒  No ☐

B.      Have you begun other lawsuits in state or federal court relating to your
imprisonment?      YES ☒      NO ☐

C.      If your answer to A or B is yes, describe each lawsuit in the space below. (If there
is more than one lawsuit, describe the additional lawsuits on another piece of paper,
using the same outline.)

1.      Parties to this previous lawsuit:

Plaintiff (s) William Sullivan v.

Defendant(s) Sidney Williams

2.      Court (if federal court, name the district; if state court, name the county)
Middle District of Alabama

1- (D) Previous Lawsuits

1. Parties to this preious lawsuit:
   Plaintiff(s) Briggs vs. Dunn
   Defendant Jefferson Dunn Commissioner,
   Alabama Department of Corrections
   William Sullivan, Class Member

2. Court: Middle District of Alabama

3. Docket Number: 2:14-CV 601-MHT

4. Name of Judge: Marlon Thompson

5. Disposition: Still-pending

6. Approximate Date of filing: 2014

7. Approximate date of Disposition:
   Still pending.

*Plaintiff paided all costs!*

3.   Docket number *No: 2:05-CV-1033-MEF (WO)*

4.   Name of judge to whom case was assigned *unknown to plaintiff*

5.   Disposition (for example: was the case dismissed? Was it appealed? Is it still pending?) *Dismissed By Plaintiff*

6.   Approximate date of filing lawsuit *August 26, 2008*

7.   Approximate date of disposition *unknown to plaintiff*

II.   PLACE OF PRESENT CONFINEMENT *Red Eagle Honor Camp 1290 Red Eagle Rd, Montgomery, AL 36110*

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED *Alabama Board of Pardons and Paroles*

III.   NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| NAME | ADDRESS |
|------|---------|
| 1. *Charle Graddick* | *301 S. Ripley Street P.O. Box 302405 Montgomery, AL 36130-2405* |
| 2. *Lynn Head* | |
| 3. *Clifford Walker* | *Address the same on all* |
| 4. *Terry E. Davis* | *defendants* |
| 5. *Joel Barnes* | |
| 6. | |

IV.   THE DATE UPON WHICH SAID VIOLATION OCCURRED *April 4, 2018*

V.   STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE:   *See Attached Sheet*

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND.  (State as best you can the time, place and manner and person involved.)

_____

_____

_____

_____

_____

GROUND TWO:_____see attached sheets_____

_____

_____

SUPPORTING FACTS:_____

_____

_____

_____

_____

GROUND THREE:_____see attached sheets_____

_____

_____

SUPPORTING FACTS:_____

_____

_____

_____

_____

_____

_____

VI.   STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
      MAKE NO LEGAL ARGUMENT.  CITE NO CASES OR STATUTES.

see attachment

_____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _April 3, 2020_____.
            (Date)

_____
Signature of plaintiff(s)

## Ground I

Plaintiff was supposed to be interveiwed by the institutional parole officer Joel Barnes at least 30 days prior to my April, 2018 parole date as is required by 15-21-26.1 of the Code of Alabama, 1975, to ask questions and give what information the parole officer required for the board and for me to ask him question about parole if I had any. Instead of being given and interveiw I was lined up with 21 more inmates and given a hour long lecture on the evils of the outside world. This was our personal interview from the institutional parole officer Barnes. After the lecther I tried to ask officer Barnes about the fasle information in my parole files he told me "he didn't do that". Thus, I was denied a personal parole interveiw beg the institutional parole officer that is required under the 15-21-26.1 Code of Alabama, 1975,. There by vio-lating petitioners due process and equal pro-tection rights under the U.S. and Alabama Constitutions to have a proper parole interview that is required by Alabama's parole statute 15-21-26.1. The statute 15-21-26.1 states that:

... "the administrative hearing office shall interveiw the inmate to provide the opportunity for the inmate to pre-sent his or her case for parole consideration to the board sub ject to guidlines and rules established by the board." ...

Plaintiff never had a interveiw or a opportunity to present his case to the board.

1

## Ground II

Under the Code of Alabama 15-22-53(c), this gives the right for a inmate to have a copy of Plaintiff's Pre-Sentence Investigation Report or otherwise known as the P.S.I report. Plaintiff has written and by certified mail numerous people at the board requesting plaintiff's P.S.I with the offer to pay the cost of this copy but still no answer from any one at the board to get me a copy of plaintiff's P.S.I after plaintiff has repeatly requested a copy as stated and required in the statute 15-22-53(c) of the Code of Alabama, 1975. Plaintiff still does not have his P.S.I report from these defendants. Thus, again the defendant violating statutory Alabam Law violating plaintiff's due process and equal protection of the law under the U.S. and Alabama Constitutions.

Page 2 of

## Ground III

The plaintiff has no access to the rules and regulations of the board or what the boards actions on a parole hearing is suppose to be. The board makes this information avialable to the public by way of their web stite but makes nothing available to the inmate on what the rules and regulations of the parole hearing process is. The inmate is the only stake holder in the parole hearing process that has no idea what the rules and regulations of plaintiff's on parole hearings. Thus violating plaintiff's due process and equal protection rights under the U.S. and Alabama constitutions. Plaintiff has the right to Know what process is due under these rules and regulations of the boards parole hearings to prepair for his parole hearing.

## Ground IV

After the board held plaintiff's parole hearing of April, 2018 and the board again denied plaintiff a parole the plaintiff sent a written request by certified to all board members and the executive director requesting, "a written articulated reason", from each board member for their reason for denying this plaintiff his parole request. Plaintiff has yet to recieve any written articulated reason why he was denied parole. If one is denied parole as this plaintiff has been the Code of Alabama 15-22-26(c) 1975, requires the board upon a written request (as this plaintiff has done) to the board by this plaintiff for the board to give this plaintiff a written "articulalated" written reason by each board member in writing as to why he was turned down for parole. Not a check box reason where every in mate that is turned down for the same reason as the board has always done. The plaintiff did request the reasons in writing and by certified with signature request to each board member requesting in writing why plaintiff was turned down for parole as is required by the statute 15-22-26(g) after a year and a half still this plaintiff has received no answer from these board members as to why they turned plaintiff down for his parole as is required by 15-22-26(c).

4

In 15-22-28 of the Code of Alabama, 1975, it states the following:

"The duty imposed upon the members of the Board of Pardons and parole by this statute are mandatory and the limitations and restrictions on the powers of the board or the the members there of shall be strickly construed."

In Ellard v. State 474 So. 2d. 743 Ala. Cr. App. 1984 further backed this statute when it stated:

"Statutory duties placed on the board are mandatory and instructions there in are to be strickly construed."

It's plain that Alabama's parole statutes are mandatory and it is mandatory upon the board, to follow what the legistature has written into any of Alabama's parole statutes. It's clear that the plaintiff has suffered injury and prejudice by the Board in a arbitrarily and capriciously or unauthorized action and flagrant manner by not following the Alabama's manditory statutory parole Law on plaintiff's Issues I, II, III, IV

On plaintiff's Ground IV the statute 15-22-26(c) plainly states:

"The board shall clearly "articulate" its
reason for approval or denial of parole
for each prisoner, based on its established
guidelines, and shall provide the reasons
for approval or denial to the prisoner."

A plain reading of 15-22-26(c) clearly makes it
mandatory upon the board when the statute
states:
      " The board shall clearly articulate its
      reason for approval or denial of parole
      for each prisoner "
This board is bound by statute to give plaintiff
a "articulate" reason or reasons in their on
writings as to why they have denied plain-
tiff his parole.
In Webster's Dictionary it states that "articulate"
means:
      " ~~to speak clearly and distinctly,~~ "
      " to draw up or write in separate particulars "
In American Heritage College it states "articulate"
   "1. To speak clearly and distinctly 3. Expressing
   ones self easily in clear and effective
   language 4. Marked by the use of clear,
   expressive language. "

6

In Ballentines Law Dictionary 3rd. Edtion, it states

"Articulate": To prepare a writing under
sperate clauses or provisions; to express
one's thought clearly, The word is also an
adjecting, meaning ability to express; a
clear method of expression."

It's clear that to "articatate" as stated in this
statute 15-22-26(c) clearly means for each
board member to state in their own words and
opinion why they have denied a inmate parole.
Not a list of 13 check boxs reasons and applying
this same 13 check box reasons to 35,000 in-
mates giving these same check box reasons to all
these inmates the same reasons to deny them
parole. This board has used these same check
box reasons for years. The legislature just
pasted this statute 15-22-26(c) in 2016 the
legislature intent was not for the board to
keep using check boxs to tell the inmate these
13 boxes are your reasons for being denied
parole. The legislature intended was for the
board to give each inmate their own "articulated"
reason for parole denial from each board member
in their own words and their own opinions. Not
their check box system that the board has been
using for years and still in use now or

7

the legislature would have not passed
15-22-26(c), and wrote the statute to say:
           "The board shall clearly
            "articulate" its reason..."
The legislature intent is plain each board member
shall write in their own opinion what their
personal reason was for and inmates parole
denial was in their own "articulate" words
not the check Box denial the board is still
using from years ago. The legislature's intent
was clearly to do away with this old check box
denial system that was of no use to a inmate
never knowing the real reason for their denial
and good only for the board to cover up their
real reasons for parole denial

See Exhibits: A, B, C, D, where plaintiff did
request the board for their own written reason
for plaintiff's parole denial

8

## Ground V

5. There is fasle information to be known by this plaintiff to be in plaintiff's parole that consit tude of the followings;

1. Plaintiff's Pre-Sentence Report or P.S.I which has fasle information in it.

2. One fasle statement given by a state informer Stanley Wayne Franklin and used in plaintiff's parole hearing and given to the board there after by the victims advocate after her reading portions of it to the board.

3. One fraudulent protest petition that 95% of the signatures on the petition did not even know plaintiff and was purchased from the customer of a rural store where one of the alleged victims worked for one drink or chips per signature.

To establish a claim for fasle information in a parole file that the parole board used this information in the board's decision to deny plaintiff a parole. This court has established that three conditions must be met before this court can review the boards parole files on plaintiff's claims and plaintiff can previl on having this fasle information removed from plaintiff's parole file and bar the board from using this fasle information in plaintiff's future parole review.

a. Must show the existence of the fasle information at the relevant time.

b. That the board relied on that information in making a parole decision.

c. Making the parole decision while knowing the information to be fasle.

As stated and required by the district court in Sullivan v. Williams, M.D. Alabama

1. The first of these three requirements of these documents is that they exist.

2. The P.S.I are in plaintiff's parole file because they are required to be by statutory law of Alabama.

b. The statement by the informer Stanley Wayne Franklin which allegdes all kinds of various violent acts done by plaintiff of which none is true informer made a deal with the D.A. to get felonies off him for this fasle statement, was thrown out of plaintiff's criminal trail for being here say evidence this informer's statement was. This fasle statement was gotten out of my trial records by the vitims advocate and read by her before the board then gave the board's chairman the copy she had read from. As witness by my people when she did this. I also read this informer's statement at my trial I do know it exists and it is a fasle statement every alligation in it. So, this statement does exist and, was given to the board at my public parole board hearing.

C; The protest petition: plaintiff does recoize the right of the victims to present a petition on what they wish to. But a fraudulent protest petition that has been procured by fraudulently means and then presented this fraudulend petition to a judicial body such as a parole board should be removed from plaintiff's parole file. The existence of this petition is support by plaintiff's Exhibits __F__ and __G__. Exhibit __F__ from Mr. Smith shows it was being made and was being made fraudulently. In Exhibit __G__ from Mr. Castleboey it shows that this protest petition was finished, was given to the parole board to be used against plaintiff's parole considerations because he wanted his name removed from this protest petition at the board, it it shows the protest petition does exist and the board does have it in plaintiff's parole file. Plaintiff has now met the existence requirement that these documents do ~~exit~~ exist.

8. When the Board reveiws a inmates parole file for the inmates parole reveiw they do not reveiw just portions of the parole file they reveiw the whole file so each time this plaintiff comes up for parole this fasle information is always in front of the reveiwing body of the board of the parole board, If any part of a parole file is fasle the parole board has taken in that fasle information in their decision making on plaintiff's parole reveiw.

11

In _Sullivan v. Williams_, M.D. Alabama

The court stated that:

"The board is tasked with weighing all the evidence contained in a parole file..."

This court stated further:

"Not only does the board have a duty to consider in good faith all relevant information in an inmate's parole file including evidence...."

In _Cinel v. Connick_, 15 F.3d. 1338, (5th. circuit 1994) it states:

"The district Court was allowed to take judical notice of the public records in the three prior state court proceedings."

In the Rules of Evidence _Rule 201(b),(2)_.

"permits a court to judicially notice of a fact that is not subject to reasonable dispute...."

Plaintiff would ask this court to now take Judical Notice of the affidavits of the board members Longshore _Doc. No. 28_ and affidavit of board member Williams _Doc. No. 40_ which state that the board looks to the "whole parole file", these documents are to found in Sullivan v. Williams. If the board considers the whole file of this plaintiff and this parole file contains sections of that parole file that contains fasle information the these board members has based their decision

12

based upon the whole parole file that is filled with fasle information then their decision is voil & null because they have based their decision upon the whole parole file with parts of it filled with fasle information.

C, The parole board members did make plaintiff's parole decision and denied plaintiff's parole while knowing or should have known they were basing their decision upon plaintiff's whole parole file that contain fasle information in plaintiff's parole file. The board can not say they did not have knowledge or not informed of this fasle information in plaintiff's parole file. Plaintiff has written to the board on numerous occasions by regular mail and certified mail to tell them and explain this to them to no availor responce from this board or any one at the board. or through their institutional parole officer. Once the notice was given to the board many times over the years this board chose to ignore plaintiff's pleads to remove this fasle information from plaintiffs parole file with plaintiff even offering evidence that some of this was fasle the board refused to remove this fasle information. The board even had the opinion by statule to have plaintiff's claims investigated by the board but the board did not and refuse when plaintiff ask them to please do so.

See Plaintiff's Exhibits "H" shows the Board using questions from Informer's statment.
See Plaintiff's Exhibits A, B, C, D, telling board about Fasle information in plaintiff's parole files.          13

The plaintiff has suffered, plaintiff's family has suffered because of the injustices and injureies inflecked by being repeatly denied a parole and now in his 30th year of incarceration with over 20 years of being denied parole by a parole board who has been basing their decisions on fasle information in plaintiffs parole file. The board has ~~certain en~~ engauged in flagrant and unauthorized action rending dicision in a arbitrarily and capriciously matter by knowingly dening plaintiff's parole based upon a parole file filled with fasle information provided by the victims and vitims advocate to lesson plaintiffs chances of ever making a parole at zero. Thus, violating plaintiff's due process and equal protection rights under the U.S. and Alabama Constitutlons violated by this board and their illegal actions. Plaintiff has met the three requirements set forth by this court to have the fasle information removed from plaintiff's parole files and ordered not to be put in plaintiff's parole file again. Like the action by the board did to Carl Monroe's after it was ordered out by the 11 circuit 20 years later Monroe's found it again in his DOC and paroles files after it was ordered to be taken out the fasle information.

Submitted,

Dated: April 3, 2020

William Sullivan, 157996
Plaintiff Pro-Se

## Verification

I, William Sullivan, do hereby verify that the foregoing writings is true and correct to the best of my knowledge.

Dated; April 3, 2020        ,        William Sullivan        ,

## Certificate of Service

I William Sullivan did place the foregoing pleadings in the United States Mail on the 3nd day of April    , 2020, postage pre-paided and self-addressed to the falling parties:

Office of the Clerk          Legal Divison
United States District Court  Alabama Board of Pardons Parole
one Church Street            301 South Rilpey St
Suite B-110                  P.O. Box 302405
Montgomery, AL               Montgomery, AL
36104-4018                   36130-2405

                             Submitted,
                             William Sullivan, 157996
Dated; April 3, 2020         1290 Red Eagle Rd.
                             Montgomery, AL
                             36110

15

VI.  What the court can do!

I want the board to give me a parole hearing without their abritary and comprious action or enguaged in any flagrant or unauthorized actions of using all the unsupported non-factual allegations and fasle information that the victims and victims advocates has placed in plaintiff's parole file removed so that plaintiff can have a parole hearing that will bring fair consideration to the board's decision making process upon a true full record of plaintiff not one where the victims has filled plaintiff's parole file with untrues lies conjured up by the victims to hurt plaintiffs chances of making a parole by the board basing their decision based mostly upon a parole file. Plaintiff has no opportunity to rebuttal the lies told on plaintiff by the revenge seeking victims. Plaintiff wants a copy of his true P.S.I report and the errors corrected. Plaintiff wants a copy of the states informer Stanley Wayne Franklin fasle statement removed from his parole file. Plaintiff wants the fraudlent victim's protest petition against plaintiff removed from his parole file. All these false documents to be removed and not placed back into plaintiff's parole files, at no point in the future. I want a parole interveiwer that ask questions and I can ask questions. Not lectures on the evils of this world. I see it every day.

(i)

I also want a written reason of why I was
turned down for parole from each board
member as is required by statute not a check
box answer with the same reason given to
every one. I want the real reason I was
turned down that is required by statute
when one requests it in writing. Plaintiff
seeks no monetary damages only Injuction and/or
restaining order on the board for their
illegal actions against plaintiff.


                              William Sullivan
Dated April 3, 2020          Plaintiff Pro-Se.,


Plaintiff also seeks a copy of the rules
and regulations of the board and it should
be ordered that the board funish one copy
to every DOC institution in the state.

(ii)

William Sullivan 157946
1290 Red Eagle Rd
Montgomery, AL
36110

To: Office of the Cour
United State District Co
ONE Church Street
Suite B-110
Montgomery, AL
36104-4018




