IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM LARRY SULLIVAN, ) <br> AIS 157996, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHARLES GRADDICK, et al., ) <br> ) <br>     Defendants. ) | CASE NO. 2:20-CV-255-WHA-CSC |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff William Sullivan filed this Complaint on April 14, 2020, on a form used by inmates for filing 42 U.S.C. § 1983 actions. Defendants have since filed an Answer, Special Report, and supporting evidentiary materials denying Plaintiff's allegations. Doc. 27.

Following a recent review of the file and a search of the inmate database maintained by the Alabama Department of Corrections which indicates Plaintiff is no longer in custody of the state prison system (*see* http://doc.state.al.us/InmateSearch), the Court entered an Order on October 24, 2022, directing Plaintiff to file a response—by November 3, 2022—advising the Court of whether he seeks to proceed with this cause of action and informing Plaintiff his failure to file a response to the October 24 Order would result in a recommendation this case be dismissed for such failure. Plaintiff has not filed a response or otherwise complied with the October 24, 2022, Order and the time for doing so has expired.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the Court and prosecute this action. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

It is ORDERED that **by January 23, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive

2

the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this the 9th day of January 2023.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE